837 F.2d 477
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED FOOD & COMMERCIAL WORKERS LOCAL NO. 1099, Plaintiff-Appellant,
v.
The KROGER COMPANY, Defendant-Appellee.
 
 No. 87-3242.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1988.
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Union appeals from the decision of the district court refusing to set aside an arbitration award. Because we agree that the arbitrator acted within his authority, we affirm the judgment of the district court.
 
 
 2
 For many years plaintiff, United Food and Commercial Workers, Local No. 1099, (the "Union") and defendant, the Kroger Company ("Kroger"), have been parties to collective bargaining agreements which cover the terms and conditions of employment for employees in the company's Cincinnati/Dayton marketing area. This agreement requires that discharge be only for proper cause and that grievances are to be carried through a specified grievance procedure which culminates in arbitration.
 
 
 3
 In this case a Kroger employee, Jeff Zahneis, was discharged on August 5, 1985 because several weeks earlier he had placed saleable merchandise into a trash compactor. Zahneis described the incident leading to his discharge as follows:
 
 
 4
 I was stocking product on shelves and some had holes in them and it got on me. I got mad. Joe Schwartz was at the top of the aisle laughing and out of madness I said I ought to put them in the bailer, so he just laughed and walked away. So for a joke, to see what he would say I went back and laid them on top of the cardboard in the bailer to see what his (Joe S.) reaction would be when he went back there. Then I went back to my aisle and then I decided I'd better get them out in case someone else would see them and half way back there Tim Noyes called me back to see if I'd put them there.
 
 
 5
 J. App. at 47.
 
 
 6
 Because Zahneis was a member of Local 1099, the Union filed a grievance on his behalf seeking a modification of the discharge. The Union did not deny Zahneis's wrongdoing or culpability, but merely alleged that the discharge was too severe of a punishment.
 
 
 7
 Pursuant to the collective bargaining agreement, the matter was presented to an arbitrator for resolution. After conducting a hearing at which both sides presented evidence, the arbitrator issued an Opinion and Award in which he ruled that the discharge was proper. In rendering his opinion, the arbitrator relied upon all of the evidence presented to him, including Zahneis's own version of the incident which occasioned his discharge.
 
 
 8
 The Union thereafter filed this action under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. Sec. 185 (1982), for breach of the collective bargaining agreement. The Union sought to vacate the arbitration award in its entirety. In the Union's view, the district court had the authority to vacate the award because the arbitrator had made a mistake of fact and had strongly relief on that mistake of fact in making his award. Specifically, the Union argued that the arbitrator had incorrectly characterized Zahneis's action as a "fight." The Union pointed to the following language from the arbitrator's "statement of facts":
 
 
 9
 The grievant became involved in a fight at about 6:00 a.m. on August 1, 1985. It is not necessary to resolve the altercation because there is substantially no conflict in the matter.[1]
 
 
 10
 J. App. at 38.
 
 
 11
 The district court refused the Union's request to vacate the award and, finding no issues of material fact, granted Kroger's motion for summary judgment. The court observed the 9 U.S.C. Sec. 10 (1982) outlines the very narrow statutory grounds upon which an arbitration award may be set aside, and that the award in this case did not fall within any of those grounds. The court held that the grievant's conduct could reasonably be characterized as a "fight," and noted that while the arbitrator's decision may have been "inartfully drawn" it was nevertheless not an abuse of his power.
 
 
 12
 On appeal we note, as did the district court, that a review of an arbitration award is exceedingly narrow. As the Supreme Court recently reiterated, an arbitrator's decision is entitled to great deference and should not be overturned simply because the court's view of the facts and/or interpretation of the contract is different from the arbitrator's. United Paperworkers Int'l Union v. Misco, Inc., 56 U.S.L.W. 4011, 4014 (U.S. Dec. 1, 1987). Of course this does not mean that an arbitration award can never be set aside. The Federal Arbitration Act, 9 U.S.C. Sec. 10, provides that a court may vacate an award in cases "[w]here the arbitrator[ ] exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Id. Sec. 10(d). A court will likely vacate an award under this section where the record before the arbitrator demonstrates an undisputed and unambiguous mistake of fact and strong reliance on that mistake by the arbitrator in reaching his decision. See National Post Office v. United States Postal Service, 751 F.2d 834, 843 (6th Cir.1985).
 
 
 13
 After considering the arguments raised by the Union in its brief and at oral argument, we find no basis for believing that the arbitrator in this case has exceeded his powers or imperfectly executed them and accordingly we find that summary judgment was appropriate. In the first place, the record simply does not establish that the arbitrator's finding that a "fight" had occurred was a mistake of fact. As the court below correctly observed: "[t]he disruptive conduct of the grievant where two employees were involved, may be viewed as a 'fight' even though the employees involved may not have considered it a fight." J. App. at 59-60. However, even if the arbitrator's characterization of the incident is determined to be a mistake of fact, it is clear that the arbitrator did not strongly rely upon this "mistake" in reaching his decision. The arbitrator recognized that the only issue before him was whether Zahneis's admitted action of placing saleable merchandise on line for destruction constituted proper cause for discharge. Whether Zahneis's conduct was characterized as a "fight" or as something else was totally immaterial to the resolution of this issue. Indeed the arbitrator himself explicitly recognized this when he stated:
 
 
 14
 It is not necessary to resolve the altercation because there is substantially no conflict in the matter. The grievant was discharged from employment for gross misconduct in connection with his work ... The only matter before the arbitrator is the question as to whether the grievant's conduct warranted the ultimate conclusion of discharge.
 
 
 15
 J. App. at 38 (emphasis added). Thus, even if the arbitrator had made a "mistake" in finding that Zahneis had engaged in a fight, it is clear that the arbitrator did not rely upon this "mistake" in reaching his decision.
 
 
 16
 For the foregoing reasons we AFFIRM the judgment of the district court.
 
 
 
 [1]
 The arbitrator's finding that the incident took place on August 1, 1985 could itself be characterized as a mistake of fact since the record shows that the incident giving rise to Zahneis's discharge occurred on July 12, 1985. The Union wisely does not challenge this finding because it is clearly nothing more than a good faith mistake which had absolutely no bearing on the arbitrator's ultimate decision. Indeed, in the written grievance, Zahneis himself, or the Union on his behalf, wrote that August 1, 1985 was the date of the incident. J. App. at 47. So the grievant is partly to blame for the arbitrator's mistake as to the date